IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID JOSEPH JOHNSTON, Inmate No. 99477273, Petitioner, | : : : : | PRISONER HABEAS CORPUS 28 U.S.C. § 2241 |
| v. | : : | |
| R.L. (BUTCH) CONWAY, Respondent. | : : : | CIVIL ACTION NO. 1:18-CV-1837-LMM-JSA |

## ORDER AND OPINION

The matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [Doc. 3] and Petitioner's objections thereto [Doc. 5].

The district court must "make a *de novo* determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify [the R&R], in whole or in part . . . ." 28 U.S.C. § 636(b)(1)(C). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

In this action, Petitioner challenges his state court criminal proceedings and complains that he is receiving ineffective assistance of counsel, has been denied his right to a speedy trial, and has been denied bail. The Magistrate Judge has recommended that the action be dismissed because: this Court is prohibited from intervening in Petitioner's state criminal proceedings by the doctrine of abstention

articulated by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971); Petitioner has not demonstrated extraordinary circumstances justifying intervention; and even if he had demonstrated any such extraordinary circumstances, he has not exhausted his state court remedies.

Petitioner has filed what he styled as "Objection[s]" to the R&R, in which he simply attempts to relitigate his arguments about why this Court should analyze his claims. (Doc. 5). He also claims that he has exhausted all of his remedies.[1] (*Id.*). Petitioner still has not demonstrated that any extraordinary circumstances exist which would justify federal intervention in his pending state case, and the Court has reviewed the R&R for clear error and finds none.[2]

---

[1] Petitioner states that he filed a state habeas corpus action; however, it is not clear whether he only raised the issue of bail therein and/or whether he appealed the denial to the state appellate courts as required for exhaustion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (stating that before seeking federal habeas corpus relief, "[s]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process."). Regardless, as correctly found by the Magistrate Judge, he has not demonstrated that extraordinary circumstances exist which would justify this Court's intervention in his state criminal proceedings.

[2] To the degree that Petitioner raises in his objections that he has a painful torn tendon in his shoulder and that he cannot sleep, he has raised those issues in a civil rights complaint he filed in this Court. *See Johnston v. Boyd, et al.*, Civil Action No. 1:16-cv-3305-LMM-JSA.

The Court therefore **OVERRULES** Petitioner's objections [Doc. 5], **ADOPTS** the R&R [Doc. 3], and **DISMISSES** the instant petition [Doc. 1] **WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 9th day of July, 2018.

*Leigh Martin May*
LEIGH M. MAY
UNITED STATES DISTRICT JUDGE